FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JESSE R. STILL,<br><br>　　　　　　　Defendant. | NO: 2:22-CR-00074-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Jesse R. Still's Motion to Dismiss, ECF No. 42. The Government opposed in its response, ECF No. 47, and Defendant replied, ECF No. 49. Defendant is charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2). ECF No. 1. Defendant seeks to dismiss these charges, challenging the constitutionality of 18 U.S.C. § 922(g)(1) both facially and as applied to him.

The Court heard oral argument on the motion on December 5, 2023. Defendant, who is not in custody, was present and represented by Assistant Federal Defender Molly Winston. Assistant United States Attorney David Herzog appeared

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

on behalf of the Government. The Court heard arguments by counsel. Having reviewed the parties' filings and exhibits, heard the argument presented at the hearing, and reviewed the relevant law, the Court is fully informed.

## BACKGROUND

In 2014, Defendant was convicted in an Oregon state court of Unlawful Possession of Methamphetamine and Fleeing or Attempting to Elude a Police Officer While in a Motor Vehicle. ECF Nos. 42-1 and 42-4. For each conviction, Defendant was sentenced to Supervised Probation for 18 months and 15 days in jail. *Id*. In 2018, Defendant was convicted in an Idaho state court of Unlawful Possession by Convicted Felon. ECF No. 42-7. The 2014 Oregon convictions, which were felonies, served as the predicate felony offenses for the 2018 Idaho felony conviction. ECF No. 42 at 3. On June 22, 2022, Defendant was indicted in the present case for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2). ECF No. 1. On October 28, 2022, Defendant successfully reduced his 2014 Oregon felony convictions to misdemeanors. *See* ECF Nos. 42-3 and 42-6. Defendant now seeks to dismiss the current charge of Felon in Possession, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to Defendant due to his criminal history. ECF No. 42 at 12–14.

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

## LEGAL STANDARD

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In 2008, the Supreme Court held that the Second Amendment protects an individual right to keep and bear arms. *District of Columbia v. Heller*, 554 US. 570 (2008). However, the Supreme Court noted that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id*. at 626. Additionally, the Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . ." *Id*.

In 2010, the Ninth Circuit in *United States v. Vongxay* held that "922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon." 594 F.3d 1111, 1118 (9th Cir. 2010). The Court stated that "felons are categorically different from the individuals who have a fundamental right to bear arms." *Id*. at 1115. In 2022, the Supreme Court articulated a new test for firearm regulations:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

1   *N.Y. State Rife & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2126 (2022) (quoting

2   *Konigsberg v. State Bar of Cal.*, 336 U.S. 36, 50 n.10 (1961)).  *Bruen* did not

3   explicitly address felon in possession statutes, but it refers to those falling under

4   the protection of the Second Amendment as "law-abiding" people.  *See, e.g.*,

5   *Bruen*, 142 S. Ct. at 2133.  The opinion states that "nothing in our analysis should

6   be interpreted to suggest the unconstitutionality" of licensing regimes that "ensure

7   that only those bearing arms in the jurisdiction are, in fact, 'law abiding,

8   responsible citizens.'"  *Id*. at 2138 n.9 (quoting *Heller*, 554 U.S. at 635).

9          To the best of this Court's knowledge, since *Bruen* no court in the Ninth

10  Circuit has held that § 922(g)(1) violates the Second Amendment, either facially or

11  as applied.  The many courts facing similar motions to dismiss have

12  overwhelmingly rejected such challenges, finding that *Bruen* did not overrule

13  existing precedent, such as *Vongxay*, and upholding § 922(g)(1).  *See, e.g., United*

14  *States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022) (finding that *Bruen* did

15  not "effectively overrule" *Vongxay* and denying a similar motion to dismiss).

16  Courts that analyze whether prohibiting felons from possessing firearms is

17  "consistent with the Nation's historical tradition of firearm regulation" have found

18  that "there is historical context for treating felons differently when it comes to

19  firearm ownership." *See, e.g., United States v. Villalobos*, No. 3:19-CR-00040,

20  2023 WL 3044770, at *7 (D. Idaho, Apr. 21, 2023) ("In fact, the Court cannot

21

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

locate a single decision where a court found this Nation's history and traditions would allow felons to possess firearms.").

## DISCUSSION

Defendant challenges his charge on both facial and as applied grounds. ECF No. 42 at 7. The Court will address both in turn.

**Facial Challenge**

Defendant relies on *Bruen* to argue that the government must justify its regulations of firearms by demonstrating that the regulation is consistent with the "Nation's historical tradition of firearm regulation." ECF No. 42 at 8–9. Defendant further relies on *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023), in which the Third Circuit upheld an as applied challenge to § 922(g)(1) in the face of *Bruen*. ECF No. 42 at 9. Defendant argues that the Third Circuit correctly held that the defendant was among "the people" protected by the Second Amendment, despite having a state felony conviction of an offense punishable by up to five years of imprisonment. *Id*. at 10. The Third Circuit found that § 922(g)(1) regulated Second Amendment conduct, and that the burden therefore shifted to the Government to justify the regulation. *Id*. The court then found that the Government failed to adequately justify the regulation by showing that it is consistent with the "Nation's historical tradition of firearm regulation," and held that § 922(g)(1) was unconstitutional as applied to the defendant. *Id*..

Defendant cites four unreported, district court decisions from outside this circuit that have followed *Range* to argue that this Court similarly should follow *Range*. *Id*.

Defendant further points to *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023), in which the Ninth Circuit stated that "*Bruen* abrogated the two-step approach" previously adopted to analyze Second Amendment challenges. ECF No. 42 at 12. Defendant relies on *Teter* to argue that *Vongxay* has been "invalidated" by *Bruen*. *Id*.

In response, the Government argues that Section 922(g)(1) remains good law, and that, rather than overruling precedent, *Bruen* supports the existing precedent upholding Section 922(g)(1). ECF No. 47 at 11–12. The Government points to *United States v. Robinson*, No. 2:22-CR-212-TL, 2023 WL 5634712 *at 5 (W.D. Wash. Aug. 31, 2023), where the Western District of Washington concluded that *Vonxgay* is still good law and not irreconcilable with *Bruen*. *Id*. at 15–16. The Government further argues that many courts have addressed challenges to this statute due to the recent *Bruen* decision by the Supreme Court, and none has found § 922(g)(1) is facially unconstitutional based on *Bruen*. *Id*. at 19. Even if *Bruen* did overrule Ninth Circuit precedent, the Government argues that historical evidence supports the constitutionality of this statute. *Id*. at 24.

The Court finds that overwhelming Ninth Circuit caselaw supports upholding facial challenges to Section 922(g)(1). The single Ninth Circuit case cited by Defendant in support of overruling existing Ninth Circuit precedent is *Teter*, which

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

addressed not § 922(g)(1), but "butterfly knives." *See* 76 F.4th at 942. All other cases cited by Defendant are outside of this circuit and inconsistent with existing Ninth Circuit caselaw. Therefore, the Court denies Defendant's Motion to Dismiss based on Defendant's facial challenge.

**As Applied Challenge**

Defendant further argues that, even if § 922(g)(1) is not facially unconstitutional, it is unconstitutional as applied to him, because (1) he is one of "the people" protected by the Second Amendment; (2) the Second Amendment applies to possession of firearms; (3) and the Government is unable to justify applying § 922(g)(1) to Defendant by demonstrating that it is consistent with the "Nation's historical tradition of firearm regulation." ECF No. 42 at 12–14. Defendant contends that, for § 922(g)(1) to be valid, the Government must show that there is "a historical tradition of individuals with [Defendant]'s history receiving a lifetime ban of firearm possession." *Id*. at 13. Defendant argues that his underlying convictions from Oregon, which were originally felonies but have been reduced to misdemeanors, "are arguably the weakest and least offensive" type of felony, and that the Government has failed to show a historical analogue of "disarming those convicted of minor felonies that were eligible to be reduced to misdemeanors." ECF No. 49 at 5.

The Government responds that the vast weight of authority, particularly in the Ninth Circuit, has rejected as applied challenges. ECF No. 47 at 23. The

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

Government further notes that although Defendant could have reduced his prior convictions to misdemeanors, he did not, and he was therefore a convicted felon at the time that he was charged with being a Felon in Possession of a Firearm. *Id*. at 4. The Court agrees with the Government that § 922(g)(1) is applicable and constitutional as applied to Defendant, who was a convicted felon at the time that he was charged with the instant offense regardless of whether his predicate convictions were later to converted to misdemeanor convictions.

Ninth Circuit caselaw continues to uphold Ninth Circuit precedent finding § 922(g)(1) constitutional as applied. *See, e.g., Hill*, 629 F. Supp. 3d 1027. Therefore, this Court is bound by existing Ninth Circuit precedent to uphold the constitutionality of § 922(g)(1) as applied to Defendant.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **ECF No. 42**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** this December 7, 2023.

                     *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
                     Senior United States District Judge